IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY WALKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:06-cv-82-DRH |
| DR. SHAH, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court, *sua sponte*, on the issue of service of process and the failure of Plaintiff to return USM-285 forms on Dr. Shah. For the reasons set forth below, it is **RECOMMENDED** that this case be **DISMISSED** for Plaintiff's failure to prosecute and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On July 19, 2006, United States District Judge David R. Herndon issued an Order pursuant to 28 U.S.C. §1915A in which Plaintiff was ordered to provide a USM-285 form for Dr. Shah, in order for service of process to be effected by the United States Marshal, by August 12, 2006.

Plaintiff failed to submit to the Clerk the required USM-285 form within the deadline provided by Judge Herndon. On September 12, 2006, this Court issued an Order to Show Cause (Doc. 10) ordering Plaintiff to show cause as to why he failed to keep the Court informed of his address <u>and</u> as to why he failed to return the USM-285 forms as directed. The Court accepted Plaintiff's response, filed on September 25, 2006, as to why he failed to inform the Court as to his new address. Plaintiff's response as to why he failed to send in the required USM-285 form, however, not clear. Therefore, the Court ordered Plaintiff to submit the filled out USM-285

forms for the defendant listed above by September 4, 2007, or to show cause, in writing, by September 4, 2007, why he failed to do so. Plaintiff was warned that the failure to submit the necessary forms or show adequate justification for not doing so would result in a report and recommendation that this matter be dismissed with prejudice for want of prosecution. Plaintiff neither submitted the required USM-285 forms nor provided any explanation as to why he failed to do so.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that, upon motion, a court may dismiss an action for failure to prosecute and for failure to comply with court orders. It is clear in this case that Plaintiff is not actively prosecuting this lawsuit. Specifically, Plaintiff has failed to return a completed USM-285 form so that the defendant may be served, and has further failed to provide any explanation for his failure to do so. Further, Plaintiff has failed to respond to this Court's July 27, 2007 Order to Show Cause that specifically warned him that failure to respond would result a recommendation that his case be dismissed with prejudice.

In light of his neglect of the case and the Court's specific warning that the action is in jeopardy of being dismissed, dismissal for want of prosecution is appropriate at this time. Daniels v. Brennan, 887 F.2d 783, 787 (7th Cir. 1989) ("The power of federal judges to dismiss for want of prosecution is based in part on the necessity to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); Matter of Bluestein & Co., 68 F.3d 1022, 1025 (7th Cir. 1995). Plaintiff has offered no excuse for the failure to prosecute and has failed to respond to this Court's order, despite explicit warning that failing to do so would likely result in the dismissal of his action..

## CONCLUSION

As Plaintiff has offered no excuse for his failure to prosecute, and as the Court finds that he has failed to timely prosecute this matter, the Court **RECOMMENDS**, *sua sponte*, that this matter be **DISMISSED WITH PREJUDICE** for failure to prosecute under Rule 41(b), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 5, 2008**

s/ *Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**